# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

DAVID GONZALEZ,

                Plaintiff,

                v.

BAM TRADING SERVICES, INC., *et al.*,

                Defendants.

Case No. 2:24-cv-08521 (BRM)

**MEMORANDUM ORDER**

      **THIS MATTER** is before the Court on Plaintiff David Gonzalez's ("Plaintiff") emergent application for a Temporary Restraining Order ("TRO") and Preliminary Injunction. (ECF No. 2.) Specifically, Plaintiff seeks to prevent and enjoin Defendants BAM Trading Services, Inc. d/b/a Binance US ("BAM"), Binance Holdings LTD d/b/a Binance ("Binance"), Changpeng Zhao ("Zhao"), and an unknown "Hacker" identified as XYZ Corp., Inc. 1-100 and John Does 1-100 (collectively, "Defendants") from "transferring, trading, selling, or otherwise moving any and all assets, coins, monies, or other cryptocurrency" from a digital cryptocurrency account owned, maintained, and operated by the unknown "Hacker" (the "Alleged Hacker Account"). (ECF No. 2-1 at 1.)

      Plaintiff alleges that on or about May 8, 2021, he discovered his cryptocurrency account was hacked and certain of his cryptocurrency assets "were improperly and unlawfully transferred out of Plaintiff's account to [the Alleged Hacker Account]." (ECF No. 2-1 at 3.) Plaintiff states he has demanded Defendants return his stolen cryptocurrency assets to him, but Binance has refused to do so. (*Id.* at 5 (citing ECF No. 1 ¶ 84).) On August 18, 2024, Plaintiff filed a Verified Complaint against Defendants, alleging the following four causes of action: "Conversion" (Count I); "Aiding and Abetting Conversion" (Count II); "Unjust Enrichment" (Count III); and "Rico Allegations"

1

(Count IV) (ECF No. 1) and simultaneously filed an emergent application for a TRO and Motion for Preliminary Injunction (ECF No. 2).

Injunctive relief is "an extraordinary remedy" and "should be granted only in limited circumstances." *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1426-27 (3d Cir. 1994) (quoting *Frank's GMC Truck Ctr., Inc. v. Gen. Motors Corp.*, 847 F.2d 100, 102 (3d Cir. 1988)); *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004). To obtain a temporary restraining order or preliminary injunction, the moving party must show: "(1) a likelihood of success on the merits; (2) that [he] will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Kos Pharm., Inc.*, 369 F.3d at 708. The movant bears the burden of showing these four factors weigh in favor of granting the injunction, and a failure to establish any one factor will render a preliminary injunction inappropriate. *Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014); *NutraSweet Co. v. Vit–Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("[F]ailure to establish any element [of that test] in its favor renders a preliminary injunction inappropriate."). A court may issue an injunction to a plaintiff "only if the plaintiff produces evidence sufficient to convince the district court that all four factors favor preliminary relief." *Winback & Conserve Program*, 42 F.3d at 1427; *see also P.C. Yonkers, Inc. v. Celebrations the Party & Seasonal Superstore, LLC*, 428 F.3d 504, 508 (3d Cir. 2005) ("The burden lies with the plaintiff to establish every element in its favor, or the grant of a preliminary injunction is inappropriate.").

Here, Plaintiff argues the Court should grant a preliminary injunction and TRO because (1) he "has a reasonable probability of prevailing on his claims"; (2) he "will suffer irreparable harm if Defendants are not restrained" because "[w]ithout a restraining order, any transfer of illegally

gotten assets may become untraceable, meaning Plaintiff would lose his assets forever"; (3) "the injunction will not inflict further harm on the Defendants because Plaintiff is entitled to his assets that were unlawfully stolen from him in May 2021 and there is no harm arising from the maintenance of the status quo in freezing the assets"; and (4) "the relief sought is in the public's interest to prevent fraud, theft, cyber-attacks, money laundering, and conspiracy to commit unlawful acts." (ECF No. 2-1 at 2–3.) However, Plaintiff has not sufficiently shown he faces impending irreparable harm if the requested injunctive relief is denied. Rather, it appears the status quo will remain the same whether or not the requested TRO is granted. This is not sufficient to warrant a TRO. *See Golden Fortune Imp. & Exp. Corp. v. Mei-Xin Ltd.*, No. 22-1710, 2022 WL 3536494, at *5 (3d Cir. Aug. 5, 2022) ("To establish irreparable harm, there must be 'a "clear showing of immediate irreparable injury," or a "presently existing actual threat."' The mere 'risk of irreparable harm is not enough.'" (citations omitted)); *Frank's GMC Truck Ctr.*, 847 F.2d at 102–03 (3d Cir. 1988) ("[P]urely economic injury, compensable in money, cannot satisfy the irreparable injury requirement. . . . [S]ince [Plaintiff] has failed to articulate and adduce proof of actual or imminent harm which cannot otherwise be compensated by money damages, it has failed to sustain its substantial burden of showing irreparable harm."). Plaintiff states he discovered certain of his cryptocurrency assets were stolen from his account back in May 2021, but it is unclear why he is bringing this emergent application now, more than three years later. Plaintiff simply asserts that "[a]bsent injunction in place, nothing will [prevent] Defendants from continuing to perpetrate fraudulent schemes that foster theft, cyber-attacks and money laundering activities." (ECF No. 2-1 at 10.) However, while Plaintiff contends that he may "lose his assets forever," he does not allege any presently existing threat nor point to any evidence indicating how and when this purported loss may occur; additionally, this statement seems to conflict with a

separate statement he made regarding the ability to trace cryptocurrency through the public blockchain. In other words, Plaintiff has not satisfied the strict standard for granting this extraordinary relief in that he has not alleged sufficient facts nor adequately shown whether and how he will suffer impending irreparable harm, absent a TRO. *See Kamden-Ouaffo v. Plaza Square Apartments*, Civ. A. No. 17-01068, 2017 WL 936632, at *2 (D.N.J. Mar. 7, 2017) (denying plaintiff's TRO application where "[p]laintiff fail[ed] to demonstrate irreparable harm"); *see also NutraSweet Co.*, 176 F.3d at 153; *Winback & Conserve Program*, 42 F.3d at 1427; *P.C. Yonkers*, 428 F.3d at 508. Therefore, the Court concludes Plaintiff has not met his burden of showing injunctive relief is necessary and finds a TRO is not warranted at this time. Accordingly, Plaintiff's request for a TRO is **DENIED**.

Having reviewed Plaintiff's submissions in support of his emergent application for a TRO and Motion for Preliminary Injunction (ECF No. 2), for the reasons set forth above and for good cause having been shown,

**IT IS** on this 19th day of August 2024,

**ORDERED** that Plaintiff's emergent application for a TRO (ECF No. 2) is **DENIED**; and it is further

**ORDERED** that Plaintiff's Motion for Preliminary Injunction (ECF No. 2) shall be set for September 16, 2024 and heard in due course; and it is further

**ORDERED** that by 12:00 p.m. ET on August 23, 2024, Plaintiff shall personally serve all Defendants with a copy of his motion papers and a copy of this Order; and it is further

**ORDERED** that Defendants shall respond to Plaintiff's Motion for Preliminary Injunction by September 3, 2024; and it is further

**ORDERED** that Plaintiff shall file any reply in further support of his Motion for

Preliminary Injunction by <u>September 9, 2024</u>; and it is further

      **ORDERED** that after receiving the parties' submissions on Plaintiff's Motion for Preliminary Injunction, the Court, if it deems necessary, will schedule an in-person status conference for this action on a date to be determined.


                                      */s/ Brian R. Martinotti*

                                      **HON. BRIAN R. MARTINOTTI**

                                      **UNITED STATES DISTRICT JUDGE**