

**User Name:** Eric Warner

**Date and Time:** Friday, September 20, 2024 4:17:00PM EDT

**Job Number:** 234070080

## Document (1)

1. *Kleiman v. Wright, 2018 U.S. Dist. LEXIS 246616*
   **Client/Matter:** -None-

⚠️ Caution
As of: September 20, 2024 8:17 PM Z

# Kleiman v. Wright

United States District Court for the Southern District of Florida

August 2, 2018, Decided; August 2, 2018, Entered on Docket

Case No. 18-cv-80176-BB

**Reporter**
2018 U.S. Dist. LEXIS 246616 *

IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, et al., Plaintiffs, v. CRAIG WRIGHT, Defendant.

**Subsequent History:** Dismissed by, in part, Motion denied by, in part *Kleiman v. Wright, 2018 U.S. Dist. LEXIS 216417, 2018 WL 6812914 (S.D. Fla., Dec. 27, 2018)*

Magistrate's recommendation at *Kleiman v. Wright, 2019 U.S. Dist. LEXIS 55080 (S.D. Fla., Mar. 28, 2019)*

Motion denied by *Kleiman v. Wright, 2019 U.S. Dist. LEXIS 75007 (S.D. Fla., May 3, 2019)*

Motion denied by, Motion denied by, As moot *Kleiman v. Wright, 2019 U.S. Dist. LEXIS 110641, 2019 WL 2568015 (S.D. Fla., June 10, 2019)*

Motion denied by *Kleiman v. Wright, 2019 U.S. Dist. LEXIS 137792, 2019 WL 3841931 (S.D. Fla., Aug. 15, 2019)*

Motion granted by *Kleiman v. Wright, 2019 U.S. Dist. LEXIS 147712, 2019 WL 4023392 (S.D. Fla., Aug. 27, 2019)*

Motion denied by *Kleiman v. Wright, 2020 U.S. Dist. LEXIS 85 (S.D. Fla., Jan. 2, 2020)*

Motion granted by, in part *Kleiman v. Wright, 2020 U.S. Dist. LEXIS 7467 (S.D. Fla., Jan. 15, 2020)*

Motion granted by, in part, Motion denied by, in part *Kleiman v. Wright, 2020 U.S. Dist. LEXIS 35217, 2020 WL 996855 (S.D. Fla., Mar. 2, 2020)*

Objection overruled by *Kleiman v. Wright, 2020 U.S. Dist. LEXIS 40195, 2020 WL 1139067 (S.D. Fla., Mar. 9, 2020)*

Motion granted by, in part, Motion denied by, in part, Costs and fees proceeding at *Ira Kleiman v. Wright, 2020 U.S. Dist. LEXIS 78102, 2020 WL 1980601 (S.D. Fla., Mar. 16, 2020)*

Motion granted by, in part, Motion denied by, in part *Kleiman v. Wright, 2020 U.S. Dist. LEXIS 53885, 2020 WL 1472087 (S.D. Fla., Mar. 26, 2020)*

Motion granted by *Kleiman v. Wright, 2020 U.S. Dist. LEXIS 58983, 2020 WL 1666787 (S.D. Fla., Apr. 3, 2020)*

Objection overruled by, Decision reached on appeal by *Kleiman v. Wright, 2020 U.S. Dist. LEXIS 65651, 2020 WL 1849407 (S.D. Fla., Apr. 13, 2020)*

Later proceeding at *Kleiman v. Wright, 2020 U.S. Dist. LEXIS 67679 (S.D. Fla., Apr. 17, 2020)*

Related proceeding at *Kleiman v. Wright, 2020 U.S. Dist. LEXIS 80122, 2020 WL 2107710 (W.D. Wash., Apr. 24, 2020)*

Motion denied by, in part *Kleiman v. Wright, 2020 U.S. Dist. LEXIS 83238 (S.D. Fla., May 11, 2020)*

Motion denied by *Kleiman v. Wright, 2020 U.S. Dist. LEXIS 86646 (S.D. Fla., May 18, 2020)*

Motion denied by *Kleiman v. Wright, 2020 U.S. Dist. LEXIS 92625 (S.D. Fla., May 25, 2020)*

Motion granted by *Kleiman v. Wright, 2020 U.S. Dist. LEXIS 92630, 2020 WL 2526518 (S.D. Fla., May 25, 2020)*

Motion denied by *Kleiman v. Wright, 2020 U.S. Dist. LEXIS 97800, 2020 WL 3000212 (S.D. Fla., June 3, 2020)*

Motion granted by, in part, Motion denied by, in part, Judgment entered by *Kleiman v. Wright, 2020 U.S. Dist.*

Eric Warner

LEXIS 103482, 2020 WL 3183286 (S.D. Fla., June 12, 2020)

Motion granted by Kleiman v. Wright, 2020 U.S. Dist. LEXIS 103479 (S.D. Fla., June 12, 2020)

Sanctions disallowed by Kleiman v. Wright, 2020 U.S. Dist. LEXIS 110987, 2020 WL 3451682 (S.D. Fla., June 24, 2020)

Summary judgment denied by, Summary judgment granted by, in part, Summary judgment denied by, in part, Motion denied by, As moot Kleiman v. Wright, 2020 U.S. Dist. LEXIS 171906, 2020 WL 5632654 (S.D. Fla., Sept. 18, 2020)

Motion granted by, in part, Motion denied by, in part Kleiman v. Wright, 2020 U.S. Dist. LEXIS 213482, 2020 WL 6729362 (S.D. Fla., Nov. 16, 2020)

Motion granted by, in part, Motion denied by, in part Kleiman v. Wright, 2020 U.S. Dist. LEXIS 258836, 2020 WL 11420664 (S.D. Fla., Nov. 17, 2020)

Motion denied by Kleiman v. Wright, 2021 U.S. Dist. LEXIS 224434, 2021 WL 5447110 (S.D. Fla., Nov. 22, 2021)

Magistrate's recommendation at, Costs and fees proceeding at Kleiman v. Wright, 2021 U.S. Dist. LEXIS 236295, 2021 WL 6932170 (S.D. Fla., Dec. 9, 2021)

Motion granted by, in part, Motion denied by, in part Kleiman v. Wright, 2022 U.S. Dist. LEXIS 2952, 2022 WL 59676 (S.D. Fla., Jan. 6, 2022)

Request granted Kleiman v. Wright, 2022 U.S. Dist. LEXIS 23445, 2022 WL 390702 (S.D. Fla., Feb. 8, 2022)

Motion for new trial denied by Kleiman v. Wright, 2022 U.S. Dist. LEXIS 34852, 2022 WL 594831 (S.D. Fla., Feb. 28, 2022)

Motion granted by Kleiman v. Wright, 2022 U.S. Dist. LEXIS 41363, 2022 WL 705971 (S.D. Fla., Mar. 8, 2022)

Magistrate's recommendation at Kleiman v. Wright, 2022 U.S. Dist. LEXIS 44644, 2022 WL 982442 (S.D. Fla., Mar. 14, 2022)

Motion denied by, in part, Reserved by, in part Kleiman v. Wright, 2022 U.S. App. LEXIS 30987 (11th Cir. Fla., Nov. 8, 2022)

Motion denied by Kleiman v. Wright, 2023 U.S. Dist. LEXIS 46705, 2023 WL 2572242 (S.D. Fla., Mar. 20, 2023)

Motion denied by Kleiman v. Wright, 2023 U.S. Dist. LEXIS 52286, 2023 WL 2618242 (S.D. Fla., Mar. 20, 2023)

Objection overruled by, Stay denied by, As moot Kleiman v. Wright, 2023 U.S. Dist. LEXIS 53071, 2023 WL 2663098 (S.D. Fla., Mar. 27, 2023)

Objection overruled by, Judgment entered by Kleiman v. Wright, 2023 U.S. Dist. LEXIS 97911, 2023 WL 3834500 (S.D. Fla., June 5, 2023)

Appeal dismissed by Kleiman v. Wright, 2023 U.S. App. LEXIS 16488, 2023 WL 4259341 (11th Cir. Fla., June 29, 2023)

Objection overruled by, Decision reached on appeal by Kleiman v. Wright, 2024 U.S. Dist. LEXIS 2599 (S.D. Fla., Jan. 5, 2024)

## Core Terms

discovery, motion to dismiss, pending resolution, bitcoins, personal jurisdiction, forum non conveniens, res judicata, dispose, grounds, reasons

**Counsel:** [*1] For Ira Kleiman, as the Personal Representative of the Estate of David Kleiman, W&K Info Defense Research, LLC, Plaintiffs: Devin Freedman, LEAD ATTORNEY, Roche Freedman, LLP, Miami, FL; Joseph M. Delich, LEAD ATTORNEY, PRO HAC VICE, Roche Freedman LLP, Brooklyn, NY; Kyle Roche, LEAD ATTORNEY, Roche Freedman LLP, Brooklyn, NY; Maxwell V. Pritt, LEAD ATTORNEY, PRO HAC VICE, Boies Schiller Flexner LLP, San Francisco, CA; Alexander J. Holtzman, PRO HAC VICE, Boies Schiller Flexner LLP, San Francisco, CA; Andrew Scott Brenner, Laselve Elijah Harrison, Samantha Marie Licata, Boies Schiller Flexner LLP, Miami, FL; Constantine Philip Economides, Roche Cyrulnik Freedman LLP, Miami, FL; Stephen Lagos, Roche Cyrulnik Freedman LLP, New York, NY; Stephen N. Zack, Boies Schiller & Flexner, Miami, FL; Tibor L. Nagy, PRO HAC VICE, Roche Freedman LLP, New York, NY.

For Craig Wright, Defendant: Andres Rivero, LEAD

ATTORNEY, Rivero Mestre LLP, Coral Gables, FL; Michael A. Fernandez, LEAD ATTORNEY, PRO HAC VICE, Rivero Mestre LLP, New York, NY; Alan H. Rolnick, Rivero Mestre LLP, Coral Gables, FL; Amanda Lara Fernandez, Damian, Valori LLP, Miami, FL; Amanda Marie McGovern, Rivero Mestre LLP, Coral Gables, [*2] FL; Bryan Lee Paschal, Rivero Mestre LLP, Miami, FL; Daniela Tenjido Sierra, PRO HAC VICE, Rivero Mestre LLP, Miami, FL; Jorge Alejandro Mestre, Rivero Mestre LLP, Miami, FL; Schneur Zalman Kass, Rivero Mestre LLP, Coral Gables, FL; Whitney Lohr, Kurzban Kurzban Tetzeli & Pratt, P.A., Coral Gables, FL; Zaharah R. Markoe, Rivero Mestre LLP, Miami, FL.

**Judges:** BETH BLOOM, UNITED STATES DISTRICT JUDGE.

**Opinion by:** BETH BLOOM

# Opinion

**ORDER GRANTING STAY**

**THIS CAUSE** is before the Court upon Defendant's Motion to Stay Discovery Pending Resolution of Motion to Dismiss (the "Motion"). *See* ECF No. [38]. The Court has reviewed the Motion, the supporting and opposing submissions, the record and applicable law, and is otherwise fully advised. For the reasons that follow, Defendant's Motion is granted.

Plaintiff Ira Kleiman is the personal representative of his late brother David Kleiman's estate. *See* ECF No. [24], at ¶ 1. David Kleiman was involved in the creation of bitcoin[1] with former business partner Defendant Craig Wright, an Australian living in London. *See Id.* at ¶¶ 3, 10, 50. Plaintiff W&K Info Defense Research, LLC is the Florida limited liability company through which Defendant and David Kleiman "mined hundreds of thousands [*3] of bitcoins and created valuable blockchain intellectual property." *Id.* at ¶ 2.

Plaintiffs filed their Amended Complaint on May 14, 2018. *See* ECF No. [24]. The gravamen of the 53-page Amended Complaint is that Defendant defrauded Plaintiffs and Australian courts on his way to stealing millions of dollars worth of bitcoins as well as the intellectual property rights involved in the creation of the digital currency upon David Kleiman's death. *See Id.* Plaintiffs have brought forth claims for Conversion, Unjust Enrichment, Misappropriation, the Federal Defense of Trade Secrets Act, Breach of Fiduciary Duty, Breach of Partnership Duties of Loyalty and Care, Fraud, Constructive Fraud, and a permanent injunction. *See Id.* at 42-52. Defendant filed his Motion to Dismiss on June 15, 2018, arguing that the Amended Complaint should be dismissed on the following grounds: lack of standing, lack of personal jurisdiction, *res judicata*, that the four-year statute of limitations bars all the claims, *forum non conveniens*, international abstention, and the failure to state legally sufficient claims. *See* ECF No. [33].[2]

In the Motion, filed on June 29, 2018, Defendant moves the Court to stay discovery [*4] pending resolution of his motion to dismiss due to the "numerous grounds that would dispose of the action entirely." ECF No. [38]. Under both *Federal Rule of Civil Procedure 26* and the law of this Circuit, the Court "has broad discretion to stay discovery pending decision on a dispositive motion." *Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550, 1560 (11th Cir. 1985)*, particularly "on a likely meritorious motion to dismiss while undue discovery costs mount." *In re Winn Dixie Stores, Inc., No. 3:04-cv-194-J-33MCR, 2007 U.S. Dist. LEXIS 47014, 2007 WL 1877887 *2 (M.D. Fla. June 28, 2007)*. "A stay of discovery is appropriate where the movant shows good cause and reasonableness." *Pierce v. State Farm Mut. Auto. Ins. Co., No. 14-22691-CIV, 2014 U.S. Dist. LEXIS 189549, 2014 WL 12528362, at *1 (S.D. Fla. Dec. 10, 2014)*.

The Court has taken a "preliminary peek" at Defendant's Motion to Dismiss. *Pereira v. Regions Bank, 6:12-CV-1383-ORL-22, 2012 U.S. Dist. LEXIS 159696, 2012 WL 5448191, at *1 (M.D. Fla. Nov. 7, 2012)*. "[B]alanc[ing] the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery," *Berry v. Canady, No. 2:09-CV-765-FTM-29, 2011 U.S. Dist. LEXIS 27088, 2011 WL 806230, at *1 (M.D. Fla. Mar. 2, 2011)*, the Court finds that a stay is appropriate. Under the particular circmstances present here, the high burden

---

[1] The parties agree that that the term "bitcoin" can refer to both a computer protocol and a unit of exchange, and that the accepted practice is to use the term "Bitcoin" to label the protocol, software, and community, and the term "bitcoin" to label the units of exchange. See ECF No. [38], at 5 n.2.

[2] Plaintiffs have responded. *See* ECF No. [50]. Defendant's reply is due August 21, 2018. *See* ECF No. [56].

on engaging in discovery, much of which will involve locating evidence and witnesses in London and Australia, during the pendency of Defendant's Motion to Dismiss that seeks dismissal on various grounds—including standing, jurisdiction, statute of limitations, and *forum non conveniens*—outweighs the potential harm to Plaintiffs for any discovery delay. **[*5]** *See, e.g.,* Chevaldina v. Katz, No. 17-22225-Civ-Williams, 2017 U.S. Dist. LEXIS 137752, 2017 WL 6372620, at *3 (S.D. Fla. August 28, 2017) ("Defendants should not be required to suffer monetary burdens or expenses when it appears that Plaintiff's claims may fail for several reasons as a matter of law" including lack of subject matter jurisdiction and *res judicata*); Torongo v. Roy, No. 15-81490-MiddleBrooks, 2016 U.S. Dist. LEXIS 194241, 2016 WL 10706286, at *1 (S.D. Fla. Jan. 27, 2016) (discovery stayed where motion to dismiss challenged standing and failure to state a claim); Khan v. BankUnited, Inc., No. 8:15-CV-2632-T-23TGW, 2016 U.S. Dist. LEXIS 125754, 2016 WL 4718156, at *1 (M.D. Fla. May 11, 2016) (discovery stayed where motion to dismiss challenged "the sufficiency of each claim and the assertion of personal jurisdiction over the individual defendants").

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

>  1. Defendant's Motion to Stay Discovery Pending Resolution of Motion to Dismiss, **ECF No. [38]**, is **GRANTED.**
>
>  2. All discovery, including scheduled deadlines and hearings, shall be **STAYED**, pending resolution of Defendant's Motion to Dismiss the Amended Complaint, ECF No. [33].
>
>  3. If resolution of Defendant's Motion to Dismiss does not dispose of all claims before the Court, either party may move this Court to lift the stay.

**DONE AND ORDERED** in Miami, Florida, this 2nd day of August, 2018.

/s/ Beth Bloom

**BETH BLOOM**

**UNITED STATES DISTRICT JUDGE**

---

**End of Document**